JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GOLDIE DAKIN

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE 12-14-11

SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **157 Heather Brooke Estates, Muncy, PA 17756**

Address of Defendant: **507 Prudential Road, Horsham, PA 19044**

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases **15 U.S.C. §1692**
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(*Check Appropriate Category*)
I, **Craig Thor Kimmel**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **12-14-11**      _____      **57100**
                          Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **12-14-11**      _____      **57100**
                          Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Goldie Dakin : CIVIL ACTION

v.

NCO Financial Systems, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 12-14-11 | Craig Thor Kimmel | Goldie Dakin |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 | 877-788-2864 | Kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOLDIE DAKIN, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| NCO FINANCIAL SYSTEMS, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

GOLDIE DAKIN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Muncy, Pennsylvania.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. Beginning in or around December 2010, and continuing through November 2011, Defendant and others it retained constantly and continuously placed harassing and abusive collection calls to Plaintiff seeking and demanding payment of an alleged consumer debt.

13. Many of Defendant's calls to Plaintiff originated from: 800-597-4549, which the undersigned has confirmed is a telephone number belonging to Defendant.

14. Defendant contacted Plaintiff on her home telephone, on average, four (4) to five (5) times a day between December 2010 and November 2011.

15. In one of her first communications with Defendant in December 2010, Plaintiff demanded that Defendant stop calling her about the alleged debt.

16. Defendant, however, ignored Plaintiff's instructions to stop contacting her, and instead, continued to call her almost everyday, sometimes calling her as frequently as five (5) times in a single day, for nearly a year.

17. Most recently, Defendant contacted Plaintiff on October 31, 2011; November 1, 2011; November 2, 2011; November 3, 2011; November 4, 2011; November 5, 2011; November 7, 2011; and November 8, 2011.

18. Additionally, in one of her initial conversations with Defendant, Plaintiff informed Defendant that she was on a fixed income and unable to pay the amount that it was demanding.

19. Using a rude and condescending tone, Defendant told Plaintiff "yes, you can [pay the debt] if you wanted to."

20. On at least one occasion, in response to Defendant's harassing communications on the telephone, Plaintiff hung up the telephone on Defendant, and Defendant immediately called Plaintiff back, further harassing her.

21. Plaintiff's only way to deal with the Defendant's constant and repetitive calls was to not answer the phone.

22. However, this did not provide any relief, as Defendant not only called, but also left numerous voicemails for Plaintiff each day.

23. As a result, Plaintiff was inundated with as many as five (5) phone calls and five (5) voicemail messages a day from Defendant.

24. Upon information and belief, Defendant contacted Plaintiff on a repetitive basis with the intent to harass Plaintiff into paying an alleged debt.

25. The repetitive calls to Plaintiff were intended by Defendant to be disturbing,

harassing, and an invasion of privacy.

26. Desiring to put a stop to Defendant's continuous and repeated telephone calls, Plaintiff retained counsel to assist her with stopping the harassment.

27. On November 9, 2011, counsel for Plaintiff sent correspondence to Defendant advising that Plaintiff was represented by counsel and that it was to cease and desist contacting Plaintiff. See Exhibit A, November 9, 2011, letter to Defendant.

28. Despite knowing that Plaintiff was represented by counsel and that Plaintiff did not want to be contacted on the phone about the alleged debt, on November 17, 2011, and November 23, 2011, Defendant contacted Plaintiff in an attempt to collect a debt.

29. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF LAW

30. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

31. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be

construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

32.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

### COUNT I
### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTION PRACTICES ACT

33.   In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a.   Defendant violated the FDCPA generally;

    b.   Defendant violated §1692c(a)(1) of the FDCPA when it communicated with Plaintiff at a time or place that or knew or should have known was inconvenient;

    c.   Defendant violated §1692c(a)(2) of the FDCPA when it communicated with Plaintiff after it knew that Plaintiff was represented by an attorney;

5

PLAINTIFF'S COMPLAINT

    d. Defendant violated §1692c(c) of the FDCPA when it continued to communicate with Plaintiff after it received a written demand that it stop;

    e. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

    f. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's phone to ring, and engaged Plaintiff in conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff; and

    g. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, GOLDIE DAKIN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GOLDIE DAKIN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 12-14-11

By: _____
Craig Thor Kimmel
Attorney ID No. 57100
Tara L. Patterson
Attorney ID No. 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:    kimmel@creditlaw.com
Email:    tpatterson@creditlaw.com

PLAINTIFF'S COMPLAINT



CRAIG THOR KIMMEL⁺·^
ROBERT M. SILVERMAN⁺·

⁺ *Member, PA Bar*
· *Member, NJ Bar*
ˣ *Member, DE Bar*
˙ *Member, NY Bar*
^ *Member, MA Bar*
ⁿ *Member, MD Bar*
⁺ *Member, OH Bar*
ᶠ *Member, MI Bar*
ⁿ *Member, NH Bar*
ᴸ *Member, CT Bar*
ᵖ *Member, TN Bar*
ᵖ *Member, WY Bar*
ᵛ *Member, DC Bar*
ᵗ *Member, CA Bar*

JACQUELINE C. HERRITT⁺·ᵂ·
ROBERT A. RAPKIN⁺
ANGELA K. TROCCOLI⁺·ᴸ
FRED DAVIS⁺·ᵗ
AMY L. BENNECOFF⁺·ᵈᶠᵗ
CHRISTINA GILL ROSEMAN⁺·ᶠ
RICHARD A. SCHOLER⁺·
TARA L. PATTERSON⁺
W. CHRISTOPHER COMPONOVO·ˣ
TIMOTHY J. ABEEL, JR.⁺·
JACOB U. GINSBURG⁺
JOSEPH L. GENTILCORE⁺

# KIMMEL & SILVERMAN
### P.C.

www.CREDITLAW.com
**(800)-NOT-FAIR**

**CORPORATE HEADQUARTERS**
30 E. Butler Pike, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (877)-788-2864

DELAWARE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, (302) 791-9373
NEW ENGLAND, 60 Hartford Pike, P.O. Box 325, Dayville, CT 06241, (860) 866-4380
NEW JERSEY, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, (856) 429-8334
NEW YORK, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, (212) 719-7543
WESTERN DISTRICT OF NY, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, (716) 332-6112
W. PENNSYLVANIA, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, (412) 566-1001
**Please reply to CORPORATE HEADQUARTERS**

November 9, 2011

**VIA E-MAIL**
Ross S. Enders, Esq.
Sessions, Fishman, Nathan & Israel, LLC
200 Route 31 North, Suite 203
Flemington, NJ 08822

**RE: Dakin, Goldie v. NCO Financial Systems, Inc.**

Dear Mr. Enders:

Please be advised that we represent the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq. and State law. Having been formally notified of representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to our attention only. We reserve the right to seek injunctive relief should you fail to honor these directives.

**THIS LETTER ALSO SERVES AS NOTICE TO IMMEDIATELY CEASE AND DESIST CONTACTING OUR CLIENT** with respect to the collection or attempted collection of any debt, pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b(6) and 1692c(b), et seq. There to be absolutely no calls, letters, or other communications whatsoever by any debt collector. Do not contact our client at home, at work, by cellular phone, by mail or otherwise.

Based upon the information received to date, an FDCPA claim is being prepared and will be filed against your company without further advance notice. You may if desired, contact us to discuss the matter but in any event, do not attempt to communicate with our client directly.

*"When Debt Collectors Called you, they never expected you to call us"*
© *Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C*



Sincerely,

/s/ Craig Thor Kimmel

CRAIG THOR KIMMEL

*"When Debt Collectors Called you, they never expected you to call us"*
© Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C